IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JORGE SOLAR-CHIMA,

                     Petitioner,

  v.                                                          OPINION and ORDER

E. EMMERICH,                                                  24-cv-456-jdp

                     Respondent.

---

      Petitioner Jorge Solar-Chima, proceeding without counsel, seeks habeas relief under 28 U.S.C. § 2241. Solar-Chima contends that Bureau of Prison officials have denied him earned-time credit under the First Step Act (FSA) that, if applied, would result in his immediate release to immigration authorities. Solar-Chima is the subject of an expedited order of removal issued under 8 U.S.C. § 1225(b)(1), which respondent contends precludes the application of earned-time credit to his sentence. Solar-Chima contends that because he was paroled into and has been in the United States continuously for two years before the order, he's not subject to expedited removal.

      Generally, only the court of appeals has jurisdiction to review final orders of removal. 8 U.S.C. § 1252(a)(5). Judicial review of expedited orders of removal under 8 U.S.C. § 1225(b)(1) is allowed by habeas petition, but that review is limited to the issues defined in 8 U.S.C. § 1252(e)(2). Solar-Chima's petition does not fit within scope of allowable petitions, and the FSA prohibits the BOP from applying his earned-time credit to his sentence because he's the subject of a final order of removal. I will dismiss the petition in part for lack of jurisdiction and otherwise deny it.

BACKGROUND

In January 2006, an immigration judge ordered Solar-Chima's removal from the United States to Colombia. Dkt. 11-9. The immigration judge found that Solar-Chima was subject to removal on the basis of his admissions, and that he had not sought relief from removal. *Id.* The order states that it was personally served on Solar-Chima that day, and he was removed to Colombia in March 2006. *Id.*; Dkt. 12 ¶ 9.

In December 2014, Solar-Chima was extradited back to the United States to face criminal charges for drug offenses, and he was paroled into the United States to facilitate his prosecution. Dkt. 11-10 at 1; Dkt. 12 ¶ 10. Solar-Chima is serving a 188-month sentence based on a 2015 conviction in the Middle District of Florida for conspiracy to possess with intent to distribute cocaine while aboard a vessel subject to the jurisdiction of the United States. Dkt. 11-1. Solar-Chima is incarcerated at FCI-Oxford and has a release date of April 11, 2027.

Immigration officials planned to arrest Solar-Chima and remove him from the United States once the purpose of his parole was satisfied. *See* Dkt. 12 ¶ 12; *see also* 8 U.S.C. § 1182(d)(5)(A) ("[P]arole of such alien shall not be regarded as an admission of the alien and when the purposes of such parole shall . . . have been served the alien shall forthwith return or be returned to the custody from which he was paroled . . . ."). In October 2024, the Department of Homeland Security (DHS) issued a notice and order of expedited removal for Solar-Chima. Dkt. 11-10. The order states that Solar-Chima was inadmissible pursuant to 8 U.S.C. § 1182(a)(7)(A)(i)(I) because: (1) he's a native and citizen of Colombia; (2) he was paroled into the United States for criminal prosecution with authorization to remain no longer than December 14, 2014; and (3) he lacked valid entry documentation. *See id.*

ANALYSIS

The FSA contains a provision establishing a "risk and needs assessment system" allowing prisoners who successfully participate in evidence-based recidivism reduction programming or productive activities to earn credits to be applied toward time in prerelease custody or supervised release. *Nelson v. Keyes*, No. 22-cv-731-wmc, 2023 WL 4496766, at *1 (W.D. Wis. June 6, 2023) (citing 18 U.S.C. § 3632(d)(4)(A)). But the FSA prohibits the BOP from applying earned-time credit toward prerelease custody or supervised release if the prisoner is "the subject of a final order of removal under any provision of the immigration laws." 18 U.S.C. § 3632(d)(4)(E)(i); *see also* 28 C.F.R. § 523.44(a)(2). The primary issue is whether Solar-Chima is the subject of a final order of removal.

I begin with preliminary matters. Solar-Chima moves to withdraw his petition. Dkt. 22. Solar-Chima says that, after the government responded, he decided that his petition lacked merit. *Id.* at 1. Instead, Solar-Chima wants to raise arguments from his separate § 2241 habeas petition, which I dismissed as duplicative. *Id.* at 1–2; *see also Solar-Chima v. Dep't of Homeland Sec.*, 25-cv-187-jdp (W.D. Wis.), Dkt. 3.

I will deny this request. The proper procedure would have been to request permission to supplement the petition in this case. Solar-Chima filed a motion for leave to file a "sur-response," Dkt. 19, so he knew how to seek that relief. Besides, there's no need to withdraw the petition because Solar-Chima discusses the new arguments in his motion to withdraw, and I have reviewed his petition from the '187 case to better understand those arguments, which I have addressed in other habeas cases. Also, I will grant Solar-Chima's motion for leave to file a sur-response.

I turn to Solar-Chima's main contention. He contends that he's not subject to the expedited order of removal because he was paroled into and has been in the United States continuously for two years before that order was issued. *See* Dkt. 22 at 2; Dkt. 1 in the '187 case, at 1, 3–4. Solar-Chima further contends that this court may entertain his petition under § 1252(e). I understand Solar-Chima to also contend that § 1252(e)(2) creates an exception to § 1252(a)(5), allowing district courts to exercise jurisdiction over a habeas petition challenging an expedited order of removal when the petition falls within the scope of § 1252(e)(2).

I will assume that § 1252(e)(2) carves out an exception to the exclusive jurisdiction of the court of appeals under § 1252(a)(5). But the issues that can be addressed by such a petition are restricted:

> (2) Habeas corpus proceedings
>
>> Judicial review of any determination made under section 1225(b)(1) of this title is available in habeas corpus proceedings, but shall be limited to determinations of—
>>
>> (A) whether the petitioner is an alien,
>>
>> (B) whether the petitioner was ordered removed under such section, and
>>
>> (C) whether the petitioner can prove by a preponderance of the evidence that the petitioner is an alien lawfully admitted for permanent residence, has been admitted as a refugee under section 1157 of this title, or has been granted asylum under section 1158 of this title, such status not having been terminated, and is entitled to such further inquiry as prescribed by the Attorney General pursuant to section 1225(b)(1)(C) of this title.

§ 1252(e)(2). Solar-Chima contends that the issue he's raising fits within § 1252(e)(2)(A): he argues that he's not an "alien."

4

Solar-Chima says that the term "alien" is defined in § 1225(b)(1)(A)(iii)(II). That provision provides:

> (II) Aliens described
>
> An alien described in this clause is an alien who is not described in subparagraph (F), who has not been admitted or paroled into the United States, and who has not affirmatively shown, to the satisfaction of an immigration officer, that the alien has been physically present in the United States continuously for the 2-year period immediately prior to the date of the determination of inadmissibility under this subparagraph.

Solar-Chima argues that that he's not an "alien" under this provision because he was paroled into and has been in the United States continuously for two years before his order of removal. So, the argument goes, under § 1252(e)(2)(A) he's entitled to bring this claim to this court in a habeas petition.

The flaw in Solar-Chima's argument is that § 1225(b)(1)(A)(iii)(II) doesn't define "alien" as that term is used in Title 8. Rather, § 1225(b)(1)(A)(iii)(II) identifies a category of aliens who are subject to expedited removal under § 1225.[1] The term "alien" in Title 8 means "any person not a citizen or national of the United States." 8 U.S.C. § 1101(a)(3). Solar-Chima does not dispute that he is a citizen of Colombia and is thus an "alien" under the general definition. Solar-Chima's argument that he should not be subject to expedited removal because he was paroled into and has been in the United States continuously for two years before the order of removal is not one that this court has jurisdiction to hear.

---

[1] The court of appeals has so held in *Montes Cabrera v. United States Dep't of Homeland Sec.*, No. 24-3079, 2025 WL 1009120, at *2 (7th Cir. Apr. 4, 2025). The case is unpublished, and thus is not binding authority. But the holding is consistent with the text and structure of the statute pertaining to review of orders of expedited removal.

Solar-Chima contends that he's not the subject of a final order of removal because his order of removal from 2006 was not reinstated when he was paroled back into the United States in 2014. Dkt. 14 at 2. But the DHS issued the expedited order of removal in 2024 and, in streamlined immigration proceedings, "the order becomes final immediately upon issuance." *See Riley v. Bondi*, 145 S. Ct. 2190, 2198 (2025); *see also Ordonez Rivera v. Emmerich*, No. 24-cv-675-wmc, 2025 WL 1859161, at *2 (W.D. Wis. June 12, 2025) ("[O]rders of expedited removal entered by an immigration officer under [§ 1225(b)(1)] and approved by a supervisor are considered final.").

Solar-Chima contends that the expedited order of removal is not final because he has appealed it. Dkt. 15 at 6–7. Solar-Chima's evidence, a letter to a deportation officer, doesn't show that immigration proceedings are pending. Dkt. 15-1 at 5–6. And, as I've explained, the expedited order of removal is considered final upon issuance. In any case, this court lacks jurisdiction to hear this argument under § 1252(a) because it is outside the scope of § 1252(e)(2).

I take Solar-Chima to argue that even if the expedited order of removal precludes the BOP from applying his earned-time credit toward prerelease custody or supervised release, the FSA requires the BOP to apply those credits toward early release to immigration authorities. *See* Dkt. 15 at 7. This argument isn't clearly articulated, which alone is reason to reject it. *See Batson v. Live Nation Ent., Inc.*, 746 F.3d 827, 833 (7th Cir. 2014) ("[A]s the district court found, the . . . argument was forfeited because it was perfunctory and underdeveloped."). More significantly, I can find no such requirement in the FSA or the BOP's regulations, and courts have rejected similar arguments. *See Reyes v. Doerer*, No. 23-cv-10051, 2024 WL 3851634, at *2 (C.D. Cal. June 5, 2024) ("The clear implication of Section 3632(d)(4)(E)(i) is that inmates

6

who are subject to final removal orders . . . are categorically ineligible to apply FSA time credits to their sentences in any respect . . . ."); *report and recommendation adopted*, 2024 WL 3859988 (C.D. Cal. Aug. 9, 2024); *Bailey v. Thompson*, No. 23-cv-219, 2023 WL 5086887, at *1–2 (M.D. Pa. July 13, 2023) (denying petitioner's claim to have FSA time credits applied toward immediate release to ICE custody because he was subject to final order of removal).

The evidence shows that Solar-Chima is the subject of a final order of removal. The FSA thus prohibits the BOP from applying his earned-time credits to his sentence. I will dismiss the petition in part for lack of jurisdiction and otherwise deny it.

ORDER

IT IS ORDERED that:

1. Petitioner Jorge Solar-Chima's petition, Dkt. 1, is DISMISSED in part for lack of jurisdiction and otherwise DENIED.

2. Petitioner's motion for leave to file a sur-response, Dkt. 19, is GRANTED.

3. Petitioner's motion to voluntary withdraw, Dkt. 22, is GRANTED to consider the new arguments raised in that submission but otherwise DENIED.

4. The clerk of court is directed to enter judgment and close the case.

Entered July 24, 2025.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge